UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly Bowie,<br><br>           Plaintiff,<br>v.<br><br>Ally Financial, Inc.; and DOES 1-10, inclusive,<br><br>           Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Kimberly Bowie, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kimberly Bowie ("Plaintiff"), is an adult individual residing in McKeesport, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, Ally Financial, Inc. ("Ally"), is a Delaware business entity with an address of 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Ally and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Ally at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Ally began placing calls to Plaintiff's cellular telephone in an attempt to collect a consumer debt allegedly owed by Plaintiff.

9. At all times mentioned herein, Ally placed calls to Plaintiff's cellular telephone 724-xxx-4322 by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered calls from Ally, she experienced a brief period of silence before a live representative would come on the line.

11. During a conversation with Ally on or around July 23, 2014, Plaintiff explained that she could not afford to pay the debt at that time and requested that Ally cease all calls to Plaintiff's cellular telephone.

12. Plaintiff had a previous business relationship with Ally and had originally provided her cellular telephone number to be reached.

13. However, Ally no longer had consent to place calls to Plaintiff after being requested to cease all calls.

14. Regardless, Ally continued to place calls to Plaintiff's cellular telephone knowing that it lacked consent to do so.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227,** *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Ally's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Ally's telephone system would connect her to the next available representative.

19. Upon information and belief, Ally's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Ally continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times not to call and knowing there was no longer consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Ally was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Ally to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27.     Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

28.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

29.     The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

32.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 12, 2014

    Respectfully submitted,

    By /s/ Jody B. Burton

    Jody B. Burton, Esq.
    Bar No.: 71681
    LEMBERG LAW, L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    Attorneys for Plaintiff